IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Blackboard Inc., | |
| Plaintiff, | |
| v. | Case No. 1:19-cv-02073-CFC |
| Uniloc 2017 LLC, | |
| Defendant. | |

**UNILOC'S MOTION TO STAY THE CASE**
**AND DEFER THE RULE 16 CONFERENCE PENDING RESOLUTION OF MOTION**
**TO SUBSTITUTE IN FIRST-FILED ACTION**

1.      Defendant and Counterclaim-Plaintiff, Uniloc 2017 LLC ("Uniloc 2017"), moves to stay this litigation until after resolution of a pending motion to substitute Uniloc 2017 LLC in a first-filed action in the Western District of Texas.  Uniloc 2017 also moves to defer the Rule 16 conference, currently scheduled for January 14, 2020, in the present case until after the resolution of that motion.

**STATEMENT OF FACTS**

2.      Plaintiff and Counterclaim Defendant, Blackboard Inc. ("Blackboard"), filed the Complaint in this case on October 31, 2019, seeking a declaratory judgment of Blackboard's non-infringement of U.S. Patent Nos. 6,324,578 ("the '578 patent") and 7,069,293 ("the '293 patent"). *See* Dkt. No. 1.  But two years earlier, on August 11, 2017, Uniloc USA, Inc. and Uniloc Luxembourg, S.A., then the owners of these patents, filed a complaint against Blackboard in the Western District of Texas for infringement of the same '578 and '293 patents ("W.D. Tex. action"). *See* W.D. Tex. Case No. 1:17-cv-00753-LY, Dkt. No. 1.  That action is still pending.

3.      The W.D. Tex. action was initially dismissed on September 24, 2018 due to issue preclusion created by *Uniloc USA, Inc. v. ADP, LLC*, 279 F.Supp.3d 736 (E.D. Tex. 2017),

involving a different defendant.  In the *ADP* action, the Eastern District of Texas had found the asserted claims of the '578 and '293 patents invalid under 35 U.S.C. § 101 as being drawn to ineligible subject matter.  The Uniloc plaintiffs appealed the *ADP* decision, and also filed a notice of appeal from the W.D. Tex.'s dismissal based on the *ADP* decision.

4.      The appeal in the W.D. Tex. action was stayed to await the outcome of the *ADP* appeal.  On May 24, 2019, the Federal Circuit reversed the Eastern District of Texas court's ineligibility finding in *ADP* as to the '578 and '293 patents. *See Uniloc USA, Inc. v. ADP, LLC*, 772 Fed. Appx. 890 (Fed. Cir. 2019).  The Federal Circuit then lifted the stay in, and remanded, the W.D. Tex. action, issuing its mandate on September 23, 2019.

5.      Meanwhile, in May 2018, during the *ADP* appeal, Uniloc Luxembourg assigned the '578 and '293 patents to Uniloc 2017.  Because Uniloc 2017 then owned the entire interest in the patents, on November 4, 2019, after the Federal Circuit's remand, Uniloc Luxembourg S.A. and Uniloc USA, Inc. moved under Fed. R. Civ. P. 25(c) to substitute Uniloc 2017 as the plaintiff in the W.D. Tex. Action, based on the May 2018 assignment.  1:17-cv-00753-LY, Dkt. 60.  That motion to substitute is currently pending before the W.D. Tex. court. The briefs on that motion are attached to the accompanying declaration of Kevin Gannon.

6.      As the Federal Circuit permitted Uniloc 2017 to be joined as an appellant in the *ADP* appeal because it now owns all rights in the patents (*see Uniloc v. ADP*, 772 Fed. Appx. at 893-94), Uniloc 2017 expects  the motion to substitute in the W.D. Tex. action will likewise be granted. There then can be no dispute the W.D. Tex. action is the first-filed case that takes precedence over this later-filed case involving the same subject matter.[1]

---

[1] Generally, a change of parties in the first suit after it is filed does not defeat the application of the first-to-file rule.  *See, e.g.*, *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 182–86 (1952) (affirming stay of second-filed declaratory-judgment action by manufacturer

**ARGUMENT**

7.      Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. *Cadle Co. v. Whataburger of Alice, Inc*., 174 F.3d 599, 603 (5th Cir. 1999). The rule rests on principles of comity and sound judicial administration. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).  The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result. *W. Gulf Maritime Ass'n*, 751 F.2d 721, 729 (5th Cir. 1985).When faced with duplicative litigation, in addition to outright dismissal, it sometimes may be appropriate to transfer the action, or to stay it.  *Id*.

8.      The general rule is that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed. *Save Power*, 121 F.3d at 950.

9.      Ordinarily, the court where the second action was filed will merely assess the potential overlap between the two cases. If that court finds the issues might substantially overlap, generally the proper course of action would be to stay or dismiss, or to transfer the case to the first district to determine which case should proceed, in the interest of judicial administration. *Cadle*, 174 F.3d at 606.

10.      Under the "first-to-file" rule in patent actions, when two actions are filed in different forums, one for infringement the other seeking a declaration of non-infringement, unenforceability or invalidity, the suit filed first should proceed while the other suit is stayed,

---

against patentee and refusing to enjoin patentee's first-filed infringement action against distributor and customer of manufacturer even though manufacturer added to the patentee's first-filed suit after second-filed declaratory judgment action filed).

dismissed, or transferred to the first suit's forum. *See, e.g.*, *Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347-48 (Fed. Cir. 2005); *see also Time Warner Cable, Inc. v. USA Video Technology Corp.*, 520 F. Supp. 2d 579 (D. Del. 2007).

11.     The ruling in *Time Warner* is strongly applicable here.  In *Time Warner*, Magistrate Judge Thynge applied the first-to-file rule in dismissing a declaratory judgment complaint filed two days after the patentee had first filed an infringement action in the Eastern District of Texas.  This was even though the patentee had not originally named the plaintiff in the Texas action, but named a different related corporate entity and later amended the complaint in the Texas action to drop the originally named defendant and add the plaintiff.

12.     Magistrate Judge Thynge ruled that the first-to-file analysis is based on which court first obtained jurisdiction of the *subject matter*, and found the Texas court had first obtained jurisdiction of the subject matter:

> This court has held that the first-filed action is determined by "which court first obtains possession of the subject of the dispute, not the parties of the dispute." This interpretation of the rule ensures that the first-filed rule "achieve[s] resolution in a single lawsuit of all disputes from common matters."  USVO's patent infringement suit in the Texas litigation is the first-filed action because the Eastern District of Texas first obtained the subject matter in dispute. Chronologically, USVO was the first to file. USVO filed its infringement claim in the Eastern District of Texas on June 13, 2006, two days before TWC filed for declaratory relief in this court.  Additionally, both the Texas litigation and the present case deal with the same subject matter.  Both suits concern the alleged infringement of the '792 patent by digital cable systems that provide VOD services to its subscribers via set-top boxes. The two suits share the same facts and deal with the same "allegedly infringing products." Therefore, because the Eastern District of Texas was the first court to have jurisdiction over the alleged infringement of the '792 patent by cable systems, it is the first-filed action. The court does not find TWC's argument that the District of Delaware first gained possession of the subject matter in dispute persuasive.

*Time Warner*, 520 F. Supp. 2d at 585-85 (citations and footnotes omitted).

13.     The same result should be reached here.  Uniloc 2017's predecessors filed the W.D. Tex. action against Blackboard for infringement of the '578 and '293 patents in August 2017.  Blackboard filed the present action for a declaration that it does not infringe the '578 and '293 patents in October 2019.  Clearly, the W.D. Tex. action was first-filed and both actions involve the infringement of those two patents.  Accordingly, it would preserve the resources of the Court and the parties to stay this action pending a decision on the motion to substitute in the W.D. Tex. action.

14.     In view of the above, Uniloc 2017 also submits that it also makes sense to defer the upcoming Rule 16 Conference, currently scheduled for January 14, 2020, until the motion to substitute has been decided in Texas.

## CONCLUSION

For the reasons set forth above, Uniloc 2017 requests this motion be granted.


January 8, 2020                              /s/ Sean T. O'Kelly
                                             Sean T. O'Kelly (No. 4349)
                                             O'KELLY & ERNST, LLC
                                             824 N. Market Street, Suite 1001A
                                             Wilmington, DE 19801
                                             Tel: (302) 778-4000
                                             Fax: (302) 295-2873
                                             Email: sokelly@oelegal.com

Of Counsel:

Kevin Gannon
Massachusetts State Bar No. 640931
James J. Foster
Massachusetts State Bar No. 553285
Aaron Jacobs
Massachusetts State Bar No. 677545
Michael J. Ercolini
New York State Bar No. 5029905
PRINCE LOBEL TYE LLP

One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Fax: (617) 456-8100
Email: kgannon@princelobel.com
Email: jfoster@princelobel.com
Email: ajacobs@princelobel.com
Email: mercolini@princelobel.com

*Attorneys for Defendant Uniloc 2017 LLC*